IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Aaron D. Younker,              :         Case No. 2:13-CV-1129
    Plaintiff,              :
  v.                            :         JUDGE GREGORY L. FROST
Jerry McHenry,                 :         Magistrate Judge Kemp
    Defendant.              :

REPORT AND RECOMMENDATION

On November 12, 2013, plaintiff Aaron D. Younker filed a *pro se* complaint against defendant Jerry McHenry. Mr. Younker also moved to proceed *in forma pauperis*. Mr. Younker qualifies financially for *in forma pauperis* status, so the motion to proceed *in forma pauperis* will be granted. (Doc. #1). For the following reasons, it will be recommended that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2).

I. Review of In Forma Pauperis Complaints

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, the court shall dismiss the case if the action fails to state a claim on which relief can be granted. A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See *Haines v. Kerner*, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II. The Complaint

Mr. Younker's complaint, though it appears to be made up of a number of different documents, makes the following factual claims. Mr. Younker is an Ohio citizen who lives in Highland County. Mr. McHenry is also an Ohio citizen and lives in Franklin County.

Back in 2007, Mr. McHenry either represented Mr. Younker in a court proceeding in Highland County or provided him with some legal services in connection with that proceeding. At the time, Mr. McHenry worked for the Ohio Public Defender's office, and the Highland County Court of Common Pleas appointed him to Mr. Younker's case.

According to the complaint, Mr. McHenry did not do some things which Mr. Younker wanted done. For example, Mr. Younker claims Mr. McHenry did not take depositions or obtain affidavits to help defend the case and he did not present all of the available evidence during a hearing held on a motion to suppress evidence. He also says that Mr. McHenry allowed a witness to commit perjury and permitted false evidence to be introduced at the suppression hearing. The complaint does not describe anything Mr. McHenry either did or failed to do after 2007. Although it is not in the complaint, it appears from the website maintained by the Ohio Department of Rehabilitation and Correction that Mr. Younker was convicted of a crime in 2007 in Highland County and is currently on parole, having been released from prison on January 27th of this year. See www.drc.ohio.gov.

### III. Legal Analysis

Mr. Younker cites to 42 U.S.C. §1983 as the authority for bringing his case in this Court. He claims that Mr. McHenry's actions or omissions violated various provisions of the United States Constitution, and he asks the Court to revoke Mr. McHenry's license to practice law and to award damages.

Section 1983 provides a civil remedy to persons whose constitutional rights have been violated. It reads, in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law ...." To plead a proper claim under §1983, a plaintiff must allege at least these two things: (1) that the defendant acted under color of state law, and (2) that defendant deprived the plaintiff of a federal statutory or constitutional right. See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).

Mr. Younker's complaint does not plead a proper claim against Mr. McHenry under §1983. Although Mr. McHenry may have been a member of the State Public Defender's office, when he provided legal advice or representation to Mr. Younker, he did not do so as an officer or agent of the State of Ohio; that is, he did not act "under color of state law" as required by §1983.

The Supreme Court addressed this question some time ago. In Polk County v. Dodson, 454 U.S. 312 (1981), that Court held that "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." Id. at 325. The Court noted that the Public Defender's position as an advocate for a criminal defendant is adverse to the state's interests, and for that and other reasons, the public defender is not considered to have acted under color of state law in connection with the defense of a criminal defendant. Since action under color of state law is one of the prerequisites for a 42 U.S.C. §1983 action, it is clear that actions such as this one cannot be maintained under that section. See also Floyd v. County of Kent, 454 Fed. Appx. 493, 497 (6th Cir. Jan. 6, 2012)(holding that the plaintiff in that case "cannot state a claim for ineffective assistance against [his public defender] in this §1983 suit. Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding").

Even if that were not the case, Mr. Younker has filed his case far too late.  Any claim for damages under §1983 must be filed within two years of the date that the claim accrues, which is usually the date on which the allegedly unconstitutional acts occurred.  Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989).  Everything described in the complaint happened in 2007.  By waiting more than six years to file suit, Mr. Younker has missed the statute of limitations by more than four years.  If he had any valid federal claim against Mr. McHenry - which he does not - it would be time-barred.

## IV.   Recommendation

For the foregoing reasons, the Court recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted.  Should this recommendation be adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order should be mailed to the defendant.

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object

to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge