UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON D. YOUNKER,

       Plaintiff,

                          Case No. 2:13-CV-1129
  v.                      JUDGE GREGORY L. FROST
                          Magistrate Judge Terence P. Kemp

JERRY MCHENRY,

       Defendant.

## OPINION & ORDER

This matter is before the Court for consideration of the Magistrate Judge's November 14, 2013 Report and Recommendation (ECF No. 3) and Plaintiff's Objections thereto (ECF No. 5). For the reasons that follow, the Court **OVERRULES** the Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** Plaintiff's complaint.

### I.    BACKGROUND

Plaintiff Aaron Younker asserts claims under 42 U.S.C. § 1983 against Defendant McHenry, a public defender who represented Plaintiff in a criminal proceeding in 2007. In his complaint, Plaintiff asserts that Defendant provided ineffective counsel, as evidenced by his failure to take depositions and obtain affidavits from witnesses, among other things. Plaintiff also filed a motion to proceed *in forma pauperis* and an affidavit in support thereof.

The Magistrate Judge found that Plaintiff qualifies for *in forma pauperis* status. Pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge conducted an initial screening of Plaintiff's complaint and, in a Report and Recommendation dated November 14, 2013 ("R&R"),

recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 3.) Plaintiff timely objected to the R&R. (ECF No. 5.) The Court now considers those objections.

## II. ANALYSIS

### A. Standard of Review

If a party objects within the allotted time to a Magistrate Judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an *in forma pauperis* proceeding upon the Court's determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply the same standard that courts employ when deciding a motion to dismiss. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether the plaintiff plausibly states a claim under which the court can grant relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 3.) Plaintiff timely objected to the R&R. (ECF No. 5.) The Court now considers those objections.

## II. ANALYSIS

### A. Standard of Review

If a party objects within the allotted time to a Magistrate Judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an *in forma pauperis* proceeding upon the Court's determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply the same standard that courts employ when deciding a motion to dismiss. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether the plaintiff plausibly states a claim under which the court can grant relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### B. Analysis of the R&R

The Magistrate Judge recommended that the Court dismiss Plaintiff's complaint. Noting that Plaintiff cited 42 U.S.C. § 1983 as the basis for his claims, the Magistrate Judge found that, taking Plaintiff's allegations as true, Defendant did not act "under color of state law." The Magistrate Judge cited *Polk County v. Dodson* as standing for the proposition that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. 312, 325 (1981); s*ee also Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding"). The Magistrate Judge concluded that Plaintiff could not state a § 1983 claim against Defendant (his former attorney) because he could not meet § 1983's "under color of state law" requirement.

Plaintiff objects to this conclusion on the ground that Defendant is a state employee. But the case law is clear that a public defender, even though technically an employee of the state, does not act under color of state law when he or she represents a defendant in a criminal case. *Polk Cty.*, 454 U.S. at 321–26. As such, Plaintiff's objection is without merit.

Finding that the Magistrate Judge correctly concluded that Plaintiff's complaint fails to state a claim for relief, the Court need not address the alternative grounds on which the Magistrate Judge based his R&R. No modification to the R&R is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 5), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3), and **DISMISSES**

Plaintiff's complaint (ECF No. 2).  The Clerk is **DIRECTED** to terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

    **IT IS SO ORDERED**.

                                          **/s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**